PHILLIP A. TALBERT
United States Attorney
JUSTIN J. GILIO
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:22-CR-00152-JLT-SKO |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| ANTONIO SORONDO JR., | DATE: 5/17/2023 |
| Defendant. | TIME: 1:00 p.m. COURT: Hon. Sheila K. Oberto |

**BACKGROUND**

This case is set for status conference on 5/17/2023. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020). In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020). This, previous, and subsequent General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has

emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption created "appreciable difficulty" for the trial to proceed. *Id.* at 767-69; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules. Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, --- F.3d ---, 2021 WL 1589359 at *7 (9th Cir. Apr. 23, 2021). That non-exhaustive list includes: (1) whether a defendant is

1  detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked

2  speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a

3  population that is particularly susceptible to complications if infected with the virus; (5) the seriousness

4  of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes;

5  (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed;

6  and (7) whether the district court has the ability to safely conduct a trial. *Id.*

7       In light of the foregoing, this Court should consider the following case-specific facts in finding

8  excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7)

9  (Local Code T4).  If continued, this Court should designate a new date for the status conference.  *United*

10  *States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be

11  "specifically limited in time").

12                        **STIPULATION**

13       Plaintiff United States of America, by and through its counsel of record, and defendant, by and

14  through defendant's counsel of record, hereby stipulate as follows:

15       1.     By previous order, this matter was set for status conference on 5/17/2023.

16       2.     By this stipulation, defendant now moves to continue the status conference until

17  8/16/2023, and to exclude time between 5/17/2023, and 8/16/2023, under 18 U.S.C. § 3161(h)(7)(A), B

18  (i) (ii), and (iv) [Local Code T4].

19       3.     The parties agree and stipulate, and request that the Court find the following:

20            a)     The government has represented that the discovery associated with this case

21  includes wiretap recordings, thousands of pages of investigative reports, surveillance video,

22  audio recordings, cell phone extractions, and other voluminous materials.  All of this discovery

23  has been either produced directly to counsel and/or made available for inspection and copying.

24            b)     Counsel for defendant desires additional time consult with his client, review the

25  voluminous discovery, conduct independent investigation, and pursue a potential pretrial

26  resolution of the case.

27            c)     Counsel for defendant believes that failure to grant the above-requested

28  continuance would deny him/her the reasonable time necessary for effective preparation, taking

into account the exercise of due diligence.

       d)      The government does not object to the continuance.

       e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

       f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of 5/17/2023 to 8/16/2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(i) (ii), and (iv) [Local Code T4] because it is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section and because failure to grant the continuance would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

///
///
///
///
///
///
///
///
///
///
///
///

1    4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

2  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

3  must commence.

4          IT IS SO STIPULATED.

5

6

7  Dated:  May 4, 2023                    PHILLIP A. TALBERT
                                          United States Attorney

8

9                                         /s/ JUSTIN J. GILIO
                                          JUSTIN J. GILIO
10                                        Assistant United States Attorney

11

12 Dated:  May 4, 2023                    /s/ Darryl Young
                                          Darryl Young
13                                        Counsel for Defendant
                                          ANTONIO SORONDO JR.

14

15

16

17

18                                **ORDER**

19         IT IS SO ORDERED.

20

21

22 DATED: 5/4/2023                         *Sheila K. Oberto*
                                          _____
23                                        THE HONORABLE SHEILA K. OBERTO
                                          UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME          5
PERIODS UNDER SPEEDY TRIAL ACT